The Honorable George Firestone Secretary of State The Capitol Tallahassee, Florida 32301
Dear Secretary Firestone:
This is in response to your request for an opinion on substantially the following question:
 IS AN APPROPRIATION AN ENCUMBRANCE AGAINST THE DIVISION OF LICENSING TRUST FUND ESTABLISHED PURSUANT TO s 493.316, F.S.?
Part I of Ch. 493, F.S., deals with private investigative and watchman, guard or patrol agencies and provides for the regulation and licensing by the Department of State of any person, firm, company, partnership or corporation engaged in the business of providing such services.
Section 493.316, F.S., creates, within the Division of Licensing of the Department of State, the Division of Licensing Trust Fund. This section mandates that all moneys required to be paid under Ch. 493, F.S., be collected by the department and deposited in the trust fund. The statute then provides that the Legislature shall appropriate from the trust fund such amounts as it deems necessary for the purpose of administering the provisions of Ch. 493. See, items 1200-1203, Ch. 82-215, Laws of Florida, for the appropriations made to the Division of Licensing of the department for the 1982-1983 fiscal year from the Division of Licensing Trust Fund. The statute specifically provides that `[t]he unencumbered balance in the trust fund at the beginning of the year shall not exceed $100,000, and any excess shall be transferred to the General Revenue Fund unallocated.' Neither s 493.30, F.S., which is the definitional section of Part I of Ch. 493, F.S., nor s 493.316, F.S., defines the phrase `unencumbered balance.' However, the statute does not make appropriations from the trust fund an encumbrance against the trust fund or any balance therein. See, State ex rel. Kurz v. Lee, 163 So. 859, 868 (Fla. 1935) which states that `[a]n appropriation of money is the setting it apart officially, out of public revenue for a special use or purpose, in such manner that the executive officers of the government will have authority to withdraw and use that money, and no more, for that object, and for no other.' The title of Ch. 80-268, Laws of Florida, by which s 493.316, F.S., was brought into the statutes, expresses the legislative intent and purpose of this provision to be, among other things, `creating a trust fund and restricting its balance.'
Were it not for the specific provisions of s 493.316, F.S., and its limitation or restriction on the amount of the balance in this trust fund and its provisions regarding the disposition of any excess balance, s 216.301, F.S., would control the disposition of any unencumbered balance in this trust fund. I am therefore of the view that you may look to the language of s 216.301, F.S., to ascertain the sense in which the Legislature used the words `unencumbered balance' in the context of s 493.316, F.S. Section216.301(1)(a), F.S., provides that the balance of any appropriations, except those for fixed capital outlay which are `not disbursed but expended or contracted to be expended' (e.s.) shall be certified to the Executive Office of the Governor showing in detail to whom obligated and the amount of any such obligation. If approved by that office, `[a]ny such encumbered balance remaining undisbursed on December 31 of the same calendar year in which such certification was made shall revert to the fund fromwhich appropriated and be available for reappropriation.' (e.s.) Section 216.301(1)(b), F.S., specifies that `[a]ny balance of any appropriation, except for fixed capital outlay, not expended orcontracted to be expended at the end of each fiscal year shall revert to the fund from which appropriated and be available for reappropriation by the Legislature.' (e.s.) While the special conditions and terms of s 493.316, F.S., control the amount of the balance retained and the disposition of the excess moneys in the Division of Licensing Trust Fund, I have the view that the Legislature intended to use the phrase `unencumbered balance' in s 493.316, F.S., in the converse of its usage of the terms `encumbrances' and `encumbered balance' in s 216.301(1)(a), F.S., that is, that any balance in excess of $100,000 in the Division of Licensing Trust Fund at the beginning of the fiscal year which has not been contracted to be expended or obligated by the end of the preceding fiscal year for particular items or services is required to be transferred to the General Revenue Fund unallocated, and any excess moneys so transferred do not revert to the trust fund. The funds so transferred are not subject to reappropriation or required to be reappropriated by the Legislature to the department to defray the operational expenses of administering Part I of Ch. 493. Accordingly, appropriations made by the Legislature from this trust fund do not constitute encumbrances against the trust fund.
In summary, until legislatively or judicially determined otherwise, it is my opinion that appropriations made by the Legislature from the Division of Licensing Trust Fund established pursuant to s 493.316, F.S., do not constitute encumbrances against such trust fund, and that any balance in the trust fund at the beginning of the fiscal year in excess of $100,000 which has not been contracted to be expended or obligated for particular items or services is required to be transferred to the General Revenue Fund unallocated.
Sincerely,
Jim Smith, Attorney General
Prepared by: Gerry Hammond, Assistant Attorney General